# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Civil No. 15-2744 (JRT/DTS)**

4BRAVA, LLC,

                        Plaintiff,

v.

DANIEL SACHS, DSC PRODUCTS, INC., and DSC PRODUCTS HOLDING, LLC,

                        Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Civil No. 15-2743 (JRT/DTS)**

LEDUC GIFTS & SPECIALTY PRODUCTS, LLC, *d/b/a* Signature USA,

                        Plaintiff,

v.

DANIEL SACHS, DSC PRODUCTS, INC., DSC PRODUCTS HOLDING, LLC,

                        Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

DSC PRODUCTS, INC.,

                        Counter Claimant,

v.

LEDUC GIFTS & SPECIALTY PRODUCTS, LLC, *d/b/a* Signature USA,

                        Counter Defendant.

DSC PRODUCTS, INC.,

        Cross Claimant/Third Party Plaintiff,

v.

BRUCE LEDUC, JENNEA LEDUC, MARCI LEDUC, and 4BRAVA, LLC,

    Cross Defendants/Third Party Defendants.

Adrianna Shannon and Bonnie M. Smith, **SHANNON LAW, LLC**, 333 South Seventh Street, Suite 2830, Minneapolis, MN 55402, for 4Brava, LLC, and LeDuc Gifts & Specialty Products, LLC.

William R. Skolnick, Andrew H. Bardwell, and Samuel M. Johnson, **SKOLNICK & JOYCE, P.A.**, 527 Marquette Avenue South, 2100 Rand Tower, Minneapolis, MN 55402, for Daniel Sachs, DSC Products, Inc., and DSC Products Holding, LLC.

## BACKGROUND

These two related cases involve an abandoned business venture that sought to sell plastic tumblers to large retailers. Daniel Sachs and his companies DSC Products, Inc. ("DSC Products"), and DSC Products Holding, LLC (collectively, "Defendants"), were on one side of the deal; the LeDuc family and its companies, LeDuc Gifts & Speciality Products, LLC and 4Brava, LLC, were on the other side (collectively, "Plaintiffs"). These cases are set for trial later this year.

The law firm of Skolnick & Joyce, P.A., and attorneys William R. Skolnick, Andrew H. Bardwell, and Samuel M. Johnson (collectively, "Counsel") are Defendants' current counsel of record. In both cases, Counsel filed a Motion to Withdraw as Counsel of Record Without Substitution. (Case No. 15-2743, Mot. to Withdraw, Nov. 17, 2017, Docket No. 303; Case No. 15-2744, Mot. to Withdraw, Nov. 17, 2017, Docket No. 331.) United States Magistrate Judge David T. Schultz denied Counsel's motion. (Case No. 15-2743, Order, Dec. 27, 2017, Docket No. 314; Case No. 15-2744, Order, Dec. 27, 2017, Docket No. 343.) The Court overruled Counsel's Objections to the Magistrate Judge's Order. (Case No. 15-2743, Order, Jan. 17, 2018, Docket No. 359; Case No. 15-

2744, Order, Jan. 17, 2018, Docket No. 386.) Counsel's interlocutory appeal to the Eighth Circuit is pending.

The parties submitted to the Magistrate Judge their positions on whether the Court should stay these matters pending Counsel's appeal. Counsel asks that the Court issue a stay, and 4Brava opposes a stay. (Case No. 15-2743, Counsel's Letter, Feb. 1, 2018, Docket No. 363; Case No. 15-2743, Pls.' Letter, Feb. 2, 2018, Docket No. 364; Case No. 15-2744, Counsel's Letter, Feb. 1, 2018, Docket No. 392; Case No. 15-2744, Pls.' Letter, Feb. 2, 2018, Docket No. 393.) The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the Court deny Counsel's request. (Case No. 15-2743, R&R, Feb. 14, 2018, Docket No. 371; Case No. 15-2744, R&R, Feb. 14, 2018, Docket No. 399.) Because the Magistrate Judge's recommendation is not clearly erroneous or contrary to law, the Court will overrule Counsel's objections and deny Counsel's request.

## DISCUSSION

A district court's review of a magistrate judge's decision on nondispositive matters is "extremely deferential." *See Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007).[1] The Court will reverse such a decision only if it is clearly

---

[1] Counsel did not formally file a motion to stay the proceedings, and the Magistrate Judge did not issue an order on such a motion. Rather, Counsel requested a stay via a letter submitted at the Magistrate Judge's request. Nevertheless, the Court will treat the R&R on Counsel's request for a stay pending appeal as an order denying a nondispositive motion to stay proceedings, and the Court will review the R&R according to the deferential standards of review for orders on nondispositive motions. *See, e.g.*, *Scheffler v. Equifax Info. Servs., LLC*, No. 15-

*(footnote continued on next page)*

erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a).  For a decision to be clearly erroneous, the Court must have a "definite and firm conviction that a mistake has been committed."  *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

The Court has the inherent power to stay proceedings of an action to control its docket, to conserve judicial resources, and to ensure that each matter is handled "with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990) (noting that power to stay proceedings is incidental to court's power to manage its docket); *Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964 (D. Minn. 1998).  The party requesting "a stay has the burden of showing specific hardship or inequity if he or she is required to go forward."  *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996) (citing *Landis*, 299 U.S. at 254-56), *aff'd*, 520 U.S. 681 (1997).  The Court will also "weigh the competing interests of the parties, and the hardship or inequity a party may suffer if a stay is granted."  *In re Hanson*, No. 13-2991, 2013 WL 6571594, at *1 (D. Minn. Dec. 13, 2013) (quoting *Robinson v. Bank of Am., N.A.*, No. 11-2284, 2012 WL 2885587, at *1 (D. Minn. July 13, 2012)).

Counsel requests a stay of the proceedings pending their appeal of the Court's denial of their motion to withdraw as counsel.  The Magistrate Judge – after determining

---

3340, 2016 WL 424969, at *2 (D. Minn. Feb. 3, 2016) (reviewing motion to stay proceedings with deferential standard of review).

that "whether a stay must or should issue when the denial of a motion to withdraw is appealed under the collateral order doctrine is one of first impression in this district" – concluded that, here, a stay was neither mandatory nor recommended. (R&R at 6, 12.) That conclusion is neither clearly erroneous nor contrary to law. Whether a stay is mandatory here is unclear given the case law on interlocutory appeals in analogous areas of law, such as sovereign immunity and compelling arbitration; and the Magistrate Judge did not clearly err in concluding that a stay here is discretionary. (R&R at 6-8.) Moreover, the Magistrate Judge did not clearly err in concluding that the Court should not stay the proceedings under the four-factor analysis from *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). In particular, granting a stay here would further delay this case, thereby causing 4Brava additional concrete harm. (R&R at 11.)

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Counsel's Objections [Case No. 15-2743, Docket No. 375; Case No. 15-2744, Docket No. 402] are **OVERRULED**, the Report & Recommendation of the Magistrate Judge [Case No. 15-2743, Docket No. 371; Case No. 15-2744, Docket No. 399] is **ADOPTED**, and Counsel's Request to Stay the Proceedings Pending Appeal [Case No. 15-2743, Docket No. 363; Case No. 15-2744, Docket No. 392] is **DENIED**.

DATED:  May 17, 2018  
at Minneapolis, Minnesota.

                                                   JOHN R. TUNHEIM  
                                                      Chief Judge  
                                      United States District Court